**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**HERBERT LOREN REEVES**                                        **PLAINTIFF**

**VS.**                               **CASE NO. 4:10V00146 SWW**

**SHERIFF SCOTT BRADLEY,** *et al.*                          **DEFENDANTS**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the

       hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

    Mail your objections and "Statement of Necessity" to:

       Clerk, United States District Court
       Eastern District of Arkansas
       600 West Capitol Avenue, Suite A149
       Little Rock, AR 72201-3325

## DISPOSITION

Separate defendants Todd Bonds, Scott Bradley, Randy Gurley, Ted Jones, and John Willoughby seek dismissal of this civil rights case brought by Herbert Loren Reeves[1]. Plaintiff filed a *pro se* complaint (docket entry #2) on February 10, 2010. He alleges that he was arrested on June 21, 2007, as a result of a conspiracy among the defendants. Specifically, he alleges that Sheriff Scott Bradley requested Reeves to "take care of a marijuana patch" for Bradley and one of Bradley's friends. According to the complaint, Bradley supplied Reeves with a 22 caliber pistol and a holster, indicating that Reeves would need the weapon due to snakes in the area. When arrested, Reeves states that he realized he had been "set up" by Bradley and "his crew." Docket entry no. 2, page 4. When arrested, plaintiff states that his property was seized, including numerous weapons, a truck,

---

[1] Four other defendants were dismissed from the case by Order of the Court dated June 2, 2010. See docket entries nos. 17 & 19.

numerous coins, and real property located in Van Buren County. The defendants now seeking dismissal "adopt" and "incorporate" the earlier motion to dismiss filed by defendants Hagan, Sowell, Vaden, and Hawks, along with the brief filed by these defendants. The defendants now seeking dismissal are identified in the complaint as Sheriff Scott Bradley, Deputy Randy Gurley, Deputy Ted Jones, ADTF agent Todd Bonds, and Deputy ADTF agent John Willoughby. The plaintiff was notified by the Court of his opportunity to oppose this motion to dismiss (see docket entry no. 25) but no response was received.

The following analysis is taken from the earlier Findings and Recommendation, dated May 17, 2010. Docket entry no. 17. The reasoning and result of the earlier Findings and Recommendation applies to the motion now before the Court.

**I. Analysis**

A fair summary of the claims of the plaintiff can be found in his complaint, where he states "each one of the defendants . . . acted or took part in acting in a maliciously and sadistically way and have shown negligence toward Herbert Loren Reeves by the taking of Reeves' private property after the State of Arkansas failed to prosecute Reeves for violating State of Arkansas laws." Docket entry no. 2, page 9. In particular, it appears that a coin collection is the primary property which the plaintiff contends was taken without due process. In additional pleadings filed with the Court (docket entry no. 16, Exhibit A), the plaintiff offers affidavits that state that the coin collection was at his residence prior to the search warrant's execution and has been missing since that time.

A review of the public documents attached to the brief in support of the motion to dismiss (docket entry no. 10) reflects the following:

* June 21, 2007   A search warrant was issued for Reeves' property in Van Buren County. Docket entry 10-2, pages 1-2.

3

\*   June 21, 2007   A Search Warrant Return was executed by Van Buren County Deputy Ted Jones.  The return indicates numerous weapons were seized, along with 31 marijuana plants, a Chevrolet pick up truck, and marijuana seeds.  No coins were listed on the return.  Docket entry 10-2, pp. 3-4.

\*   June 26, 2007   A felony information was filed against the plaintiff, charging him with manufacture/delivery/possession of marijuana, possession of drug paraphernalia, simultaneous possession of drugs and firearms, possession of prohibited firearms, and unauthorized use of property to facilitate a crime.  Docket entry no. 10-2, pp. 5-8.

\*   June 27, 2007   An *In Rem* Complaint was filed seeking the forfeiture of the real property (consisting of 5.6 acres), the vehicle, and the weapons.  Docket entry no. 10-2, pp. 9-16.

\*   June 27, 2007   A Notice of Lis Pendens was filed on the real property.  Docket entry no. 10-2, p. 17.

\*   August 3, 2007   The plaintiff and his wife, through their attorney William Brazil, filed an answer to the *In Rem* complaint.  Docket entry no. 10-2, pp. 20-23.

\*   September 24, 2007   An Order of Nolle Prosequi was entered in the criminal case, with the State Circuit Judge noting that Reeves "was indicted by the federal government based on the same conduct." Docket entry no. 10-2, p. 24.

\*   January 7, 2008   An Order was entered in the state *In Rem* proceeding.  The Order indicates that Reeves and the prosecution "reached an agreement as to the items subject to seizure." Docket entry no. 10-2, page25.  The Order recites that the prosecution agreed to return the Chevrolet pick up truck and 3.36 acres of the real property in exchange for the forfeiture of the firearms and 2.34 acres of the property.  This Order, which states that Reeves was represented by counsel, is signed by Reeves personally.  Docket entry no. 10-2, pp. 26-27.

\* July 28, 2008   A Release of Lis Pendens is filed, indicating that the property is released "as a result of the negotiated resolution . . . which conveyed . . . approximately 2.5 acres of the subject property to the State of Arkansas." Docket entry no. 10-2, p. 27.

\*   December 11, 2008 Judgment in federal court is entered pursuant to a guilty plea to the charge of manufacturing with intent to deliver marijuana.  Case no. 4:07CR00197, *U.S. v. Reeves*.  Plaintiff was sentenced to 60 months imprisonment.

\* March 19, 2009 A Final Order of Forfeiture with regard to ten specific firearms is entered in federal court case No. 4:07CR00197, *United States v. Herbert Loren Reeves*.

\*   July 21, 2009   A Petition to Sell Real Estate is filed in state court.  The property to be sold is the 2.34 acres forfeited by Reeves.  Docket entry no. 10-2, pp. 30-31.

 \* July 21, 2009 An Order Authorizing Sale of Real Estate is filed in state court. Docket entry 10-3, pp. 1-2.

The motion to dismiss should be granted.

When addressing a motion to dismiss, the Court is obliged to liberally construe the *pro se* complaint, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept as true each allegation contained therein, *see Chapman v. Musich*, 726 F.2d 405, 408 (8th. Cir.), *cert. denied*, 469 U.S. 931 (1984). Liberally construed, the plaintiff is alleging that Sheriff Scott Bradley and other officers conspired to entice Reeves into involvement in tending to marijuana in Van Buren County. The criminal charges that stem from the alleged conspiracy were resolved, as were the forfeiture of certain weapons and real property. However, the allegation that Reeves' coin collection was taken by the conspirators was not previously addressed in the state court proceedings.

Even if all of Plaintiff's claims regarding the coins are true, he has failed to state a claim upon which relief may be granted. *See Hudson v. Palmer*, 468 U.S. 517, 530-537 (1984) (when state actor deprives individual of personal property, individual does not have a § 1983 claim if state law provides adequate post-deprivation remedy); *McQuillian v. Mercedes-Benz Credit Corp.*, 331 Ark. 242, 247, 961 S.W.2d 729, 732 (Ark.1998) (conversion is a common-law tort action for the wrongful possession or disposition of another's property). Because Plaintiff may bring a state lawsuit for his conversion claims, his federal civil rights complaint concerning the coins should be dismissed. *See also Bausley v. Dugan*, 110 Fed.Appx. 736 (8th Cir. 2004)(unpub. per curiam) (prisoner's remedy for property seized in a cell search was state-law action for conversion).

To the extent that the complaint raises other claims, these claims are barred by the principles of *res judicata*:

The concept of *res judicata* has two facets, one being issue preclusion and the other claim preclusion. *Huffman v. Alderson,* 335 Ark. 411, 983 S.W.2d 899 (1998); *John Cheeseman Trucking, Inc. v. Pinson,* 313 Ark. 632, 855 S.W.2d 941 (1993). Under claim-preclusion, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim. *Huffman, supra. Res judicata* bars not only the relitigation of claims which were actually litigated in the first suit, but also those which could have been litigated. *Id.* Further, where a case is based on the same events as the subject matter of a previous lawsuit, *res judicata* will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. *Id.* Issue preclusion, or collateral estoppel, bars relitigation of issues. *Crockett & Brown v. Wilson,* 314 Ark. 578, 864 S.W.2d 244 (1993). In *State v. Thompson,* 343 Ark. 135, 34 S.W.3d 33 (2000), we stated of collateral estoppel:

> When an issue of ultimate fact has once been determined by a valid and final judgment, collateral estoppel precludes relitigation of that issue between the same parties in any future proceeding. *E.g., Edwards v. State,* 328 Ark. 394, 943 S.W.2d 600, *cert. denied,* 522 U.S. 950, 118 S.Ct. 370, 139 L.Ed.2d 288 (1997) ( *quoting Schiro v. Farley,* 510 U.S. 222, 232, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994)). In order to establish collateral estoppel, proof of the following is required: 1) the issue sought to be precluded must be the same as that involved in the prior litigation; 2) the issue must have been actually litigated; 3) the issue must have been determined by a final and valid judgment; and 4) the determination must have been essential to the judgment. *Edwards,* 328 Ark. at 401-02, 943 S.W.2d at 603.

*Thompson*, 343 Ark. At 139-40, 34 S.W.3d 33.

*Searcy v. Davenport*, 352 Ark. 307, 310-311(Ark.,2003). Here, the forfeiture of both the real and personal property (other than the coins) was litigated in state court to a conclusion. The plaintiff, by counsel and personally, signed off on the final resolution of the claims. Although the parties are not identical (the State of Arkansas was the party in the state action while the state employees are named in this suit) they are privies of each other, and the essential facts litigated in state court are the allegations contained in this action.

A final reason for dismissal exists. The plaintiff generally alleges a conspiracy by the defendants. By their very nature, conspiracies are usually clandestine. It is unlikely that a plaintiff in a conspiracy case is able to offer direct evidence of such a conspiracy. Therefore, courts do not require direct evidence to prove that a conspiracy existed. *See White v. Walsh*, 649 F.2d 560 (8th Cir. 1981). However, "allegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a 'meeting of the minds.'" *Deck v. Leftridge*, 771 F.2d 1168 (8th Cir. 1985) (quoting *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983). To be sufficiently specific, the factual basis of the allegations need no be too extensive, but it must be enough to avoid a finding that the allegation is frivolous. *See McClain v. Kitchen*, 659 F.2d 870, 872 (8th Cir. 1981). At the very least, a plaintiff must allege that "the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding, and provide some facts suggesting such a 'meeting of the minds.' *Deck v. Leftridge, supra*.

In the case at bar, the plaintiff has alleged no factual basis for the existence of a conspiracy between the nine named defendants. The plaintiff's bare assertion of a wide-ranging conspiracy is insufficient to state a claim against all of the defendants.

## II. Conclusion

Based upon the foregoing, we recommend that the motion to dismiss of defendants Todd Bonds, Scott Bradley, Randy Gurley, Ted Jones, and John Willoughby be granted.

DATED this  4   day of October, 2011.

_____
UNITED STATES MAGISTRATE JUDGE